IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD DEVONE BALCOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:19-CV-170-ECM |
| | ) | |
| DONALD VALEZNA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against Sheriff Donald Valenza, Commander Brazier, and Lieutenants King and Moore. He complains Defendants King and Moore subject him and other inmates to threats and abusive language. Plaintiff requests trial by jury, an investigation into his allegations, and damages. Doc. 1. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff alleges that on December 17, 2018, and January 17, 2018, Defendant Brazier granted inmates' request that chairs be provided for the inmate church service. Plaintiff indicates the request was made because he and two other inmates have physical disabilities.[2] Plaintiff complains, however, that Defendant King stated "f**k them let them stand up." On a different

---

[1]  The court granted Plaintiff's request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]Plaintiff contends he is disabled because he has a hernia. Regarding the other two inmates, Plaintiff states one had a stroke and the other requires a wheelchair. Doc. 1 at 1.

occasion, Plaintiff alleges Defendant Moore would not let inmates go to the room to sit down.[3] On March 5, 2019, Plaintiff complains Defendant King walked into the trustee dorm swearing and locked the dorm down for no reason. Both Defendants King and Moore, Plaintiff claims, abuse their authority by being verbally abusive to inmates and by threatening them with lockdowns. Doc. 1 at 1, 3.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived Plaintiff of rights, privileges, or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); P*arratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc*., 993 F.2d 837, 840 (11th Cir. 1993). Generally, allegations that an officer made derogatory, demeaning, profane, threatening, or abusive comments to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *See Hernandez v. Fla. Dep't of Corr*., 281 Fed. App'x. 862, 866 (11th Cir. 2008) (holding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse,

---

[3]According to the complaint, a pastor requested that the inmates let him handle the situation, which Plaintiff asserts was then "corrected." Doc. 1.

even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("alleged verbal threats by jail officials ... did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2dd Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983). This is true even for threats of violence, if such threats do not result in actual physical contact or are otherwise carried out, even when threats are without apparent justification. *Hernandez*, 281 Fed. App'x. at 866; S*imms v. Reiner*, 419 F. Supp. 468, 474 (N.D. Ill. 1976). Under these principles, Plaintiff's allegations of verbal abuse and threats made by Defendants King and Moore are insufficient to state a constitutional claim. This claim is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Discrimination**

Plaintiff alleges Defendant King discriminated against inmates in the Houston County Jail and their right to worship. Doc. 1 at 3. Plaintiff's allegation of discrimination is generalized and vague, and he provides no facts to support this claim. *See Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir. 1984) ("In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Doc. 1 at 3.

To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279

F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff fails to meet his pleading burden as he does not allege Defendant King subjected him to any adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that Defendant King discriminates against him and other inmates and their right to worship. Consequently, Plaintiff's claim of discrimination does not rise to the level of an equal protection violation and, therefore, provides no basis for relief in this § 1983 action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. Respondeat Superior

Plaintiff names Sheriff Valenza and Commander Brazier as defendants but asserts no allegations against them. To the extent Plaintiff seeks to hold them liable under *respondeat*

*superior*,  a § 1983 action will not support a claim under this theory.   See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (doctrine of *respondeat superior* is inapplicable to § 1983 actions). The *Iqbal* Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or based on some general connection to allegedly responsible individuals or actions.  *Id*.  at 676–777 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . .  [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95  (1978)  (doctrine of *respondeat superior* is inapplicable to § 1983 actions);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also  Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (finding a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Based on this standard, Plaintiff has done nothing to affirmatively link Defendants Valenza and Brazier to a violation of his constitutional rights. To the extent Plaintiff seeks to hold them liable under § 1983 as, respectively, a Sheriff and commander of the jail, without more,  is insufficient. Accordingly, this action against Defendants Valenza and Brazier is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before April 12, 2019**, Plaintiff may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 29th day of March 2019.


/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE